# FEDERAL DEFENDER SERVICES OF WISCONSIN, INC.

LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
Elizabeth Blair
John W. Campion
Jessica Arden Ettinger
Anderson M. Gansner
Jonathan Greenberg
Gabriela A. Leija
Dennise Moreno
Ronnie V. Murray
Tom Phillip
Joshua D. Uller
Alex Vlisides
Kyle Kent, Diversity Fellow

22 East Mifflin Street
Suite 1000
Madison, Wisconsin 53703

Telephone 608-260-9900
Facsimile 608-260-9901

June 12, 2023

Honorable James D. Peterson
United States District Court Chief Judge
120 North Henry Street
Madison, Wisconsin 53703

      Re:    *United States v. Wang Lo*
                Case No. 22-cr-96-jdp

Dear Judge Peterson:

      In anticipation of the sentencing hearing, the defense submits this memorandum. Lo committed this offense at 22 years old and has no criminal history. The plea agreement calls for a sentence between 13 and 15 years. This enormous sentence is sufficient to accomplish the protection of the public, particularly when paired with the treatment, supervision, and registration requirements that will accompany the prison sentence. Lo requests a sentence of 13 years.

FEDERAL DEFENDER SERVICES
   OF WISCONSIN, INC.

Page -2-

### I.   Lo's family and community is a source of support through his challenges.

Lo immigrated from Thailand to the U.S. as a child.[1] His parents settled in Southern California, where he grew up. The family was not without struggles, but remained close throughout his life.[2] A few years ago he relocated to Wisconsin, where he has extended family.

In addition to his family, Lo has real and meaningful community support.[3] He has been an active member of that community, following in his uncle's footsteps by leading community ceremonies like weddings.[4] Experience shows that a supportive community is one of the key factors in successful reintegration after prison. Particularly for sex offenders, it can be difficult to find those who are fully aware of their offense, but willing to stand by them.[5] The continued support Lo enjoys speaks both to Lo's supporters and to what Lo did to earn his place in his community.

As is so often the case for similar defendants, Lo experienced a sexual assault when he was a child, around the age of victims in this case. When he was 11, a 14 or 15 year old girl groped and performed oral sex on him.[6] This was his first sexual experience of any kind, even with himself. Although he neither wanted nor consented to it, it took him a long time to even recognize this as an assault. Lo had essentially blocked this out of his memory and had never discussed it with anyone. Lo clearly has work ahead of him in processing this trauma and its impact on him and his sexual development. He understands that therapy and treatment are a necessary part of his way forward.

### II.   A 13-year sentence is sufficient, but not greater than necessary.

In imposing a sentence, this Court is guided by four goals: just punishment, deterrence, protection of the public, and rehabilitation. 18 U.S.C. § 3553(a)(2). These factors support a long prison sentence—but 13 years plus strict supervision afterwards is long enough.

---

[1] PSR § 69.
[2] PSR § 72.
[3] Att. 3.
[4] PSR § 74.
[5] PSR § 76.
[6] PSR § 78.

FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.

Page -3-

*Protection of the public*

This offense is serious, and there will be no argument it does not deserve a significant sentence. As noted at the outset of this memo, protection of the public is likely to be the most significant factor at sentencing. But 13 years is an enormous sentence for a 23-year-old first offender. Lo has no criminal history or past sex offenses. He has never had sex offender treatment.

In other words, this serious offense will incarcerate Lo for more than half of his life up to this point, but there have not been previous interventions that have tried and failed. There is not evidence that he is an incorrigible sexual risk who cannot be rehabilitated. He has had relationships with adults and is not exclusively interested in minors.[7] He is a past victim of sexual abuse who never dealt with that, and who has now perpetrated sexual abuse onto others. The offense is unacceptable, and will be punished with a significant portion of his life in prison. But this Court is tasked with punishing not just the offense, but the person. *See Pepper v. United States*, 562 U.S. 476, 487-88 (2011). Thirteen years is sufficient to incapacitate, while differentiating him from repeat offenders.

Lo's age is also relevant to this consideration. Social science indicates that the brains of people under 25 have not fully developed, indicating that the risky or anti-social behaviors that young people engage in their early 20s are not necessarily the behavior they will pursue later in life.[8] Although there is much individual variation, researchers commonly believe that until age 25, development of the prefrontal cortex, which is used in impulse control, emotional reactions, and decision making, is ongoing.[9] Youth with histories of alcohol or substance abuse tend to develop later.[10] This is relevant to sentencing because the negative behaviors that young people engage in their early 20s are not necessarily the behavior they will pursue later in life. In 2010, the guidelines were amended to be more permissive of departures based on age, in light of the research and other information indicating that it can be relevant to the sentencing factors.[11]

---

[7] PSR ¶ 76, 78.

[8] Samantha Buckingham, *Reducing Incarceration for Youthful Offenders with a Developmental Approach to Sentencing,* LOYOLA OF LOS ANGELES L.REV., at 838-39 (2013), https://www.aals.org/wp-content/uploads/2016/06/Reducing-Incarceration_final_Spring-2013_law-rev_08.08.2014.SB_.pdf

[9] *Youthful Offenders in the Federal System,* UNITED STATES SENTENCING COMMISSION, at 6-7 (2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170525_youthful-offenders.pdf

[10] *Id*. at 7.

[11] *Youthful Offenders in the Federal System*, supra note 2, at 4.

FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.

Page -4-

Lo will be released to strict supervision and continuing sex offender and mental health treatment. For all of these reasons, a 13-year sentence is sufficient to protect the public.

*Rehabilitation*

There is also a greater reason to believe in rehabilitation for someone who has never before had that opportunity. Lo has never had meaningful mental health care or therapy. He looks forward to the sex offender treatment and therapy, which as a first-time sex offender he obviously has not been exposed to. Both prison and supervision will provide opportunities for rehabilitation he has never had. As such, 13 years plus a lengthy term of supervision are sufficient.

*Deterrence*

The Department of Justice has summarized research on crime deterrence, stating: (1) "The certainty of being caught is a vastly more powerful deterrent than the punishment"; (2) "[s]ending an individual convicted of a crime to prison isn't a very effective way to deter crime"; (3) "prison sentences (particularly long sentences) are unlikely to deter future crime"; and (4) "[i]ncreasing the severity of punishment does little to deter crime."[12] In sum, research has shown that long prison sentences do not effectively promote general deterrence of crime.[13]

Logic and research support the idea that the existence of criminal penalties and a higher perceived likelihood of getting caught can support deterrence. But a factor like the increase from a possible sentence of 13 years to a possible sentence of 15 years is vanishingly unlikely to promote the goal of deterrence. To the extent that long sentences deter crime, 15 years is more than sufficient.

---

[12] *Five Things to Know About Deterrence,* U.S. DEP'T OF JUSTICE, OFFICE OF JUSTICE PROGRAMS, NAT'L INST. OF JUSTICE (2016).

[13] *See The Growth of Incarceration in the United States: Exploring Causes and Consequences,* NAT'L RESEARCH COUNCIL, 134-40, 337 (2014) (examining empirical studies and concluding that because the marginal deterrent effect of long sentences, if any, is so small and so far outweighed by the increased costs of incarceration, long sentences are "not an effective deterrent"); Daniel S. Nagin, *Deterrence in the Twenty-First Century*, 42 CRIME AND JUSTICE IN AMERICA: 1975-2025, 199, 202 (2013) ("[L]engthy prison sentences cannot be justified on a deterrence-based, crime prevention basis.").

FEDERAL DEFENDER SERVICES
　OF WISCONSIN, INC.

Page -5-

*Just punishment*

　Lo is a 23 year old first-time offender. He experienced sexual assault around age 11 and has now perpetrated it against his victims at a similar age. He will now serve at least 13 years in prison while branded as a sex offender, ensuring that the victims will be well into adulthood before his release. This sentence is sufficient to vindicate the victims and severely punish the offense.

**Conclusion**

　A sentence of 13 years is sufficient to accomplish the goals of sentencing.  Lo asks that he be placed in a facility as close as possible to his family near Appleton, WI.

　Thank you for your attention to this matter.

　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　*/s/ Alex Vlisides*

　　　　　　　　　　　　Alex Vlisides
　　　　　　　　　　　　Associate Federal Defender